UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-3683(DSD/FLN)

Edgarline Dunbar, James M.
Jenkins, Paul Olson and
Seng Herr and Yia Her,

      Plaintiffs,

v.                                                **ORDER**

Wells Fargo Bank, N.A., Mortgage
Electronic Registration Systems,
Inc., MERSCORP, Inc., Federal
National Mortgage Association and
Reiter & Schiller, P.A.,

      Defendants.


    Charles F. Webber, Esq., Trista M. Roy, Esq and Faegre
    Baker Daniels, LLP, 90 South Seventh Street, Suite 2200,
    Minneapolis, MN 55402, counsel for plaintiffs.

    Rebecca F. Schiller, Esq., Brian F. Kidwell, Esq. and
    Reiter & Schiller, PA, 25 Dale Street North, St. Paul, MN
    55102, counsel for defendants.


This matter is before the court upon the motions to dismiss by defendants and motions to remand and amend the complaint by plaintiffs. Based on a review of the file, record and proceedings herein, and in accordance with the ruling of the court following oral argument, the motions to amend and remand are denied and the motions to dismiss are granted.

**BACKGROUND**

In this mortgage-foreclosure dispute, plaintiffs Edgarline Dunbar, James Jenkins, Paul Olson, Seng Herr and Yia Her challenge foreclosure-by-advertisement proceedings by defendant Wells Fargo Bank, N.A. (Wells Fargo). Plaintiffs also sue defendants Mortgage Electronic Registration Systems, Inc. (MERS); Merscorp, Inc.; Federal National Mortgage Association (FNMA) and Reiter & Schiller, P.A. (Reiter & Schiller). Wells Fargo is an assignee of the mortgages securing the Dunbar, Jenkins and Olson transactions and is the original mortgagee of the property securing the Herr and Her transaction. The court briefly summarizes the transactions.

Dunbar executed a promissory note secured by a mortgage of real property to nonparty Option One Mortgage Corporation n/k/a Sand Canyon Corporation (Option One). Compl. ¶ 1. Option One recorded the mortgage in March 2005. Defs.' App. 002, ECF No. 13. Option One "transferred, assigned or sold" the note into the secondary market, and it became part of a mortgage-backed security. Compl. ¶¶ 17–18. Dunbar defaulted on her monthly payments. In 2010, Option One assigned the mortgage to Wells Fargo, as Trustee for Option One Mortgage Loan Trust 2005-2 Asset-Backed Certificates, Series 2005-2. See id. ¶¶ 37–38; Defs.' App. 003-04. The assignment was recorded. Defs.' App. 003-04. Wells Fargo recorded notices of pendency to foreclose the mortgage in July 2010 and April 2011. Id. at 005-08. Notice of a sheriff's sale was

published for six weeks in April and May 2011.  Id.  Wells Fargo purchased the property at a sheriff's sale in June 2011.  Id. at 009-010.

Jenkins executed a promissory note secured by a mortgage of real property to nonparty American Residential Mortgage, LP (American)  Compl. ¶ 2.  American recorded the mortgage in September 2003, and assigned the mortgage to Wells Fargo.  See id. ¶¶ 44-45; Defs.' App. 0046.  The assignment was recorded.  Defs.' App. 046.  Jenkins defaulted on his monthly payments. Notice of a sheriff's sale was published for six weeks in August and September 2011.  Id. at 055-56.  Wells Fargo purchased the property at a sheriff's sale in September 2011.  Id. at 067-68.

Olson executed a promissory note secured by a mortgage of real property.  Compl. ¶ 3.  MERS recorded the mortgage in February 2008. Defs.' App. 073.  Olson defaulted on his monthly payments. In November 2010, MERS assigned the mortgage to Wells Fargo.  See Compl. ¶ 49.  The assignment was recorded.  Defs.' App. 087–89. Notice of a sheriff's sale was published for six weeks in November and December 2010.  Id. at 055-056.  After several postponements, Wells Fargo purchased the property at a sheriff's sale in May 2011. Id. at 117–18.

Herr and Her executed a promissory note secured by a mortgage of real property to Wells Fargo.  Compl. ¶ 4.  The mortgage was recorded in July 2009.  Defs.' App. 131.  Herr and Her defaulted on

3

their monthly payments. Notice of a sheriff's sale was published for six weeks in June and July 2011. Id. at 152–53. Wells Fargo purchased the property at a sheriff's sale in September 2011. Id. at 168–69.

Each transaction involved a similar mortgage document. The court uses the transactions related to the Dunbar property as an example of the documents in this action.[1] Dunbar signed a note promising to make payments of principal and interest on the first day of the month for thirty years. Butler Aff. Ex. 1, ECF No. 16-1, at 3. The note defines the note holder as Option One or its assignees. Id. Dunbar agreed that if she does "not pay the full amount of each monthly payment on the date it is due, [she] will be in default." Id. at 7. Dunbar also gave a mortgage to Option One, in which she promised to pay principal and interest in accordance with the due dates in the note. See id. Ex. 2, ECF No. 16-2, at 2. The mortgage defines Option One as the lender, and states that if the note were sold, "the holder of the note and this Security Interest shall be deemed to be the Lender." Id. at 5 (paragraph 19). The mortgage gives the lender the power of sale. Id. The mortgage also provides that if "[Dunbar] should be in default under any provision of this security agreement ... all sums secured by

---

[1] Plaintiffs provide the Dunbar documents; defendants submitted documents related to all of the properties. The court notes that these documents are necessarily embraced by the pleadings. See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).

4

this Security Instrument ... shall at once become due and payable at the option of Lender." Id. at 6 (paragraph 21). The lender may then "invoke the power of sale and or any other remedies or take any other actions permitted by applicable law, including foreclosure of this Security Instrument by advertisement or action." Id.

The present action began in Minnesota court on December 7, 2011. Plaintiffs seek to quiet title, and claim that defendants are not real parties in interest, that defendants lack legal standing to foreclose, slander of title, conversion, unjust enrichment, civil conspiracy, breach of fiduciary duty, fraud, negligent misrepresentation, equitable estoppel and accounting. Defendants timely removed and move to dismiss.[2] Plaintiffs move to remand and to amend the complaint.

**DISCUSSION**

**I. Motion to Remand**

The court must resolve questions of jurisdiction before considering the merits of an action. See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001). A plaintiff may move to remand an action removed to federal court if "it appears that the district court lacks subject matter jurisdiction" at any

---

[2] Defendants also move for sanctions. The court will address the motion for sanctions in a forthcoming order.

time before entry of final judgment. 28 U.S.C. § 1447(c). The removing party bears the burden to establish the existence of subject-matter jurisdiction. See Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). The court "resolve[s] all doubts about federal jurisdiction in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

**A.   Diversity Jurisdiction**

Jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship. In the present action, plaintiffs argue that diversity is lacking because the plaintiffs and Reiter & Schiller are all citizens of Minnesota.

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). The court "focuses only on whether a plaintiff might have a colorable claim under state law against a fellow resident" to determine whether a party is fraudulently joined. Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007) (citation and internal quotation marks omitted). In other words, joinder is fraudulent "only when there exists no

reasonable basis in fact and law supporting a claim against the resident defendant[]." Id. (citation and internal quotation marks omitted).

In the present action, there is no scenario in which Reiter & Schiller could be liable for slander of title, conversion, civil conspiracy, negligent misrepresentation, fraud or equitable estoppel. First, Reiter & Schiller acted as defendants' counsel (against some of the present plaintiffs) to conduct foreclosures by advertisement, and attorneys acting within the scope of employment are "immune from liability to third persons for actions arising out of that professional relationship." McDonald v. Stewart, 182 N.W.2d 437, 440 (Minn. 1970). Moreover, as discussed below, all of plaintiffs' claims against Reiter & Schiller are based on the rejected theory that holders of recorded assignments of mortgages cannot foreclose without possession of the note. As a result, the court determines that Reiter & Schiller is fraudulently joined, and complete diversity exists. The amount in controversy exceeds $75,000, and therefore the court has jurisdiction over this action.[3]

---

[3] The court notes that plaintiffs' attorney has unsuccessfully used the same tactic several times in this district. See Welk v. GMAC Mortg., LLC, No. 11-2676, 2012 WL 1035433, at *14–16 (D. Minn. Mar. 29, 2012) (denying plaintiffs' motion to remand based on fraudulent joinder of law firm hired to foreclose); Jerde v. JP Morgan Chase Bank, N.A., No. 11-2666, 2012 WL 206271, at *2 (D. Minn. Jan. 24, 2012) (same); Murphy v. Aurora Loan Servs., LLC, No. 11-2750, 2012 WL 104543, at *4 (D. Minn. Jan. 12, 2012) (same);
(continued...)

**B.    Prior Exclusive Jurisdiction**

Plaintiffs next argue that the court lacks jurisdiction under the doctrine of prior exclusive jurisdiction because they brought the action first in state court. The doctrine avoids "unseemly and disastrous conflicts in the administration of our dual judicial system" when one court has assumed and retains ongoing in rem or quasi in rem jurisdiction. Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader, 294 U.S. 189, 195 (1935). "The prior exclusive jurisdiction doctrine holds that 'when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res.'" Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting Marshall v. Marshall, 547 U.S. 293, 311 (2006)).

The doctrine of prior exclusive jurisdiction does not apply to the present action; the state court is not exercising jurisdiction over this action. This is not a case where parallel proceedings are occurring or where the parties filed independent actions in state and federal court. Instead, a single action exists in federal court following removal. Accord Maves v. First Horizon Home Loans, No. 10-17230, 2011 WL 6256501, at *1 (9th Cir. Dec. 15,

---

³(...continued)
Iverson v. Wells Fargo Bank, N.A, No. 11-2225, 2011 WL 6065358, at *2-3 (D. Minn. Oct. 25, 2011) (same); Larsen v. Bank of Am., N.A., No. 11-1775, 2011 WL 6065426, at *4-8 (D. Minn. July 21, 2011) (same); Butler v. Bank of Am., N.A., No. 11-461, 2011 WL 2728321, at *3 (D. Minn. July 13, 2011) (same).

2011) (holding prior-exclusive-jurisdiction doctrine not applicable after removal of quiet title action); Maves v. First Horizon Home Loans, No. 10-cv-00396, 2010 WL 3724264 (D. Nev. Sept. 15, 2010).

Plaintiffs rely on In re Trust Created by Hill on December 31, 1917 for the Benefit of Schroll (In re Hill), 728 F. Supp. 564 (D. Minn. 1990). But In re Hill is inapposite. It involved trusts, over which "Minnesota courts often have continuing jurisdiction and supervisory responsibilities." Id. at 567 (distinguishing removed actions that did not involve trusts or continuing state-court jurisdiction). The present action bears no resemblance to the trust over which the state court had exercised jurisdiction for decades in In re Hill.[4] Cf. id. at 568. Moreover, even if the state court were exercising ongoing in rem jurisdiction in the present action, Congress expressly allows removal of actions where goods or an estate have come under the control of the state court. See 28 U.S.C. § 1450. Therefore, the argument fails, and remand is not warranted.

**II. Motion to Amend**

The court next considers plaintiffs' motion to amend. The court freely grants leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The court has broad discretion to grant leave

---

[4] An eviction action commenced by Wells Fargo in Minnesota court on January 20, 2012, has no bearing on whether the present action remains under the jurisdiction of state court. That action began after the present action came under the jurisdiction of this court.

9

to amend and will only deny leave to avoid undue delay, where there is bad faith on the part of the plaintiffs, amendment would be futile or amendment would result in unfair prejudice to the defendants. Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001).

In the present action, plaintiffs seek leave to amend "in light of new precedent." Pls.' Mem. Supp. 2–3, ECF No. 26. The new precedent to which plaintiffs respond is Stein v. Chase Home Finance, LLC, 662 F.3d 976 (8th Cir. 2011). Id. at 3. As plaintiffs note, the Eighth Circuit issued its opinion in Stein on December 1, 2011. Id. Plaintiffs filed this action nearly a week later. Moreover, plaintiffs' attorney argued Stein: it is not new precedent relative to this action. Knowingly filing a complaint contrary to settled law constitutes bad faith,[5] and denial is warranted. Further, the court has carefully considered the proposed amended complaint, ECF No. 26-2, and, as discussed below, amendment would be futile. Therefore, denial of the motion to amend is warranted.

**III. Motions to Dismiss**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as

---

[5] Plaintiffs also violated Local Rule 15.1 by failing to provide a redline comparing the proposed complaint with their operative complaint. Such failure to follow the rules of the court justifies denying leave to amend. See O'Neil v. Simplicity, Inc., 574 F.3d 501, 505 (8th Cir. 2009).

true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim."  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6).  See Fed. R. Civ. P. 12(d).  The court may consider materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint."  Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).  In the present action, the court considers the notes, mortgages, assignments and other foreclosure-related documents as they are necessarily embraced by the pleadings and many are public records.

11

**A.    Quiet Title**

Minnesota law permits persons in possession of real property to "bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01. Plaintiffs claim that the mortgages are invalid "for some or all of the following" reasons:

    a.   The mortgages are not properly perfected.

    b.   Defendants are not in possession of the original Notes.

    c.   Defendants are not entitled to enforce the original Notes.

    d.   Defendants are not holders of the original Notes.

    e.   Defendants are not holders in due course of the original Notes.

    f.   The Notices of Pendency, Powers of Attorney, and Mortgage Assignments were not executed by an authorized individual.

    g.   The Assignments of Plaintiffs' Mortgages were invalid.

    h.   No named Defendant paid any value for Plaintiffs' Original Notes.

    I.   No named defendant holds Plaintiffs' Original Notes in good faith.

    j.   No named Defendant holds Plaintiffs' Original Notes without notice of any claims or defenses to the enforcement of the Original Notes.

>    k.  Defendants do not have actual physical possession of Plaintiffs [sic] Original Notes.

Compl. ¶ 62(a)-(k).

Under Minnesota law, "any mortgage of real estate containing a power of sale, upon default being made in any condition thereof, may be foreclosed by advertisement." Minn. Stat. § 580.01. In order to foreclose by advertisement, the foreclosing party must meet four criteria:

> (1) that some default in a condition of such mortgage has occurred, by which the power to sell has become operative;
>
> (2) that no action or proceeding has been instituted at law to recover the debt then remaining secured by such mortgage, or any part thereof, or, if the action or proceeding has been instituted, that the same has been discontinued, or that an execution upon the judgment rendered therein has been returned unsatisfied, in whole or in part;
>
> (3) that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded; provided, that, if the mortgage is upon registered land, it shall be sufficient if the mortgage and all assignments thereof have been duly registered; and
>
> (4) before the notice of pendency as required under section 580.032 is recorded, the party has [given notice regarding foreclosure-prevention counseling].

Minn. Stat. § 580.02. A foreclosing party must "show exact compliance with the terms of the statutes." Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487, 494 (Minn. 2009).

"[I]n order to foreclose by advertisement, both record and legal title "must concur and co-exist at the same time in the same person or persons who alone have the authority to foreclose the mortgage" regardless of other equitable interests vested in third parties.[6] Id. at 497; see Stein, 662 F.3d at 980. An assignment of a promissory note is not an assignment of a legal interest in a mortgage. Jackson, 770 N.W.2d at 497 n.5. "[A] party can hold legal title to the security instrument without holding an interest in the promissory note." Id. at 500.[7] "[A]ny disputes that arise between the mortgagee holding legal title and the assignee of the promissory note holding equitable title do not affect the status of the mortgagor for purposes of foreclosure by advertisement." Id. at 501.

In the present case, defendants meet all of the requirements to foreclose by advertisement under section 558.02. Plaintiffs do

---

[6] Plaintiffs misconstrue In re Banks, 458 B.R. 9 (B.A.P. 8th Cir. 2011). In re Banks addressed a creditor's right to enforce a promissory note endorsed in blank; it did not concern foreclosure by advertisement. Id. at 12.

[7] Plaintiffs cite First National Bank of Elk River v. Independent Mortgage Services for the proposition that only the entity holding the note and the mortgage can foreclose. See No. DX-95-1919, 1996 WL 229236 (Minn. Ct. App. May 7, 1996). The court notes that no court has ever cited this unpublished case. Moreover, it is inapposite. First National Bank concerned promissory notes and mortgages assigned to a third party that shortly thereafter returned them with the endorsements crossed out and consideration unpaid. The case does not stand for the proposition that the holder of a recorded mortgage must also possess the note to foreclose. Indeed, if it did, it has been abrogated by Jackson.

not dispute that they have defaulted by failing to make payments. Plaintiffs do not claim that an action is pending to recover their debt. The parties provide the recorded assignment of the mortgage. Plaintiffs do not claim that they failed to receive information about foreclosure counseling. Instead, the "possible reasons" that the mortgages are invalid all rest on an assumption rejected by the Minnesota Supreme Court in Jackson and the Eighth Circuit Court of Appeals in Stein. This district has repeatedly rejected the same argument. See Welk, 2012 WL 1035433, at *3–14 (Schiltz, J.); Iverson, No. 11-2225, 2012 WL 611196, at *5 (D. Minn., Feb. 6, 2012), adopted by 2012 WL 611371 (D. Minn. Feb. 24, 2012) (Davis, C.J.); Jerde, 2012 WL 206271, at *2–3 (Magnuson, J.); Murphy, 2012 WL 104543, at *3 (Montgomery, J.); Butler, 2011 WL 2728321, at *5–6 (Frank, J.); Tully v. Bank of Am., N.A., No. 10-4734, 2011 WL 1882665, at *5–6 (D. Minn. May 17, 2011) (Frank, J.). The court now joins those decisions.

Plaintiffs next argue that defendants were not entitled to foreclose because the notes and mortgages require unity of ownership, which was violated under the terms of pooling-service agreements. Taking the Dunbar property as an example, plaintiffs argue that Option One assigned the note and mortgage to Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2005-2 Asset-Backed Certificates, Series 2005-2. Defs.' Mem. Opp'n 15. Dunbar also argues that Option One agreed to assign the mortgage to

15

the trust before May 5, 2005, pursuant to the pooling-service agreement, but instead assigned the mortgage to the trust on July 13, 2010. According to plaintiffs, Option One violated the terms of the pooling-service agreement and the assignment is invalid.[8]

Plaintiffs appear to argue that an unrecorded assignment from Option One to Wells Fargo must exist that renders invalid the 2010 assignment from Option One to Wells Fargo. The PSAs do not, however, say that Option One actually assigned the mortgage years ago, only that it had agreed to do so. Mere speculation about what may have happened does not allow a plausible inference when defendants present a facially valid record of assignment from Option One to Wells Fargo.[9] As a result, dismissal is warranted.

Moreover, whether the trust took the mortgage in 2005 or in 2010 is not relevant. If the court accepts plaintiffs' reasoning, no assignment of the note or mortgage occurred in 2005, and as a result, the March 2010, recorded assignment to Wells Fargo assigned both the mortgage and "all right and interest ... in the note and obligations therein specified, and to the debt thereby secured." Conversely, accepting the documents, Wells Fargo gained the note in

---

[8] The court notes that Dunbar is not a party to the trust agreement and lacks standing to challenge it.

[9] Plaintiffs rely on a September 29, 2011, order adopting a report and recommendation in Gewecke v. U.S. Bank, N.A., No. 09-1890 (D. Minn. filed July 17, 2009), but that case is inapposite. The plaintiffs in Gewecke introduced documents showing several unrecorded assignments. Here, plaintiffs rely on mere speculation.

2005 and the mortgage in 2010.  Either way, Wells Fargo owned the mortgage before foreclosure, and plaintiffs plead no facts from which the court could reasonably infer otherwise.  Thus, even if Minnesota law and the documents require the mortgage holder to hold the note to foreclose, the complaint and exhibits show that Wells Fargo owned both the note and the mortgage at the time of foreclosure.

In short, plaintiffs have not pleaded facts from which the court could infer that Wells Fargo lacked the authority to foreclose.  The speculative, conclusory statements that perhaps some notices were executed by unauthorized individuals, or that maybe a note was not assigned into a trust are insufficient to state a claim.  The existence of a cause of action to quiet title does not mean that the plaintiffs in the present action state a viable claim.  Therefore, dismissal of the claim to quiet title based on invalid mortgages is warranted.

**B.   Remaining Claims**

Dismissal of the claims based on real party in interest, standing,[10] slander of title, conversion, civil conspiracy, breach of fiduciary duty, fraud, negligent misrepresentation, accounting, unjust enrichment, equitable estoppel and unjust enrichment is also warranted.  Each legal and equitable claim is based on the rejected

---

[10] As this court has noted, real party in interest and standing are not causes of action.  See Jerde, 2012 WL 206271, at *1 n.1 (quoting Murphy, 2012 WL 104543, at *3).

assumption that enforcement of a mortgage requires possession of the note.  Dismissal of the fiduciary-duty claim is further warranted because banks have no duty to counsel customers, and lenders have no fiduciary duty toward borrowers.  See <u>Klein v. First Edina Bank</u>, 196 N.W.2d 619, 623 (Minn. 1972).

Civil conspiracy "involves a combination of persons to accomplish either an unlawful purpose or a lawful purpose by unlawful means." <u>Anderson v. Douglas Cnty.</u>, 4 F.3d 574, 578 (8th Cir. 1993) (citing <u>Harding v. Ohio Cas. Ins. Co.</u>, 41 N.W.2d 818, 824 (Minn. 1950)).  "To prove conspiracy, a party must specifically present facts tending to show agreement and concerted action. Conclusory allegations are insufficient." <u>Id.</u>  In the present action, plaintiffs fail to plead facts from which the court could infer any unlawful act, purpose or concerted action by defendants. Therefore, dismissal of all remaining claims is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to remand [ECF No. 18] is denied;
2. The amended motion to amend [ECF No. 25] is denied; and
3. The motions to dismiss [ECF Nos. 4 and 9] are granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 3, 2012

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court
