```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 Civil No. 11-3683(DSD/FLN)
```

Edgarline Dunbar, James M.
Jenkins, Paul Olson and
Seng Herr and Yia Her,

      Plaintiffs,

v.                                                          **ORDER**

Wells Fargo Bank, N.A., Mortgage
Electronic Registration Systems,
Inc., MERSCORP, Inc., Federal
National Mortgage Association and
Reiter & Schiller, P.A.,

      Defendants.

This matter is before the court upon the motion for sanctions against plaintiffs' attorney William Butler by defendants Wells Fargo Bank, N.A.; Mortgage Electronic Registration Systems, Inc.; Merscorp (sic) Inc. and Federal National Mortgage Association.[1] Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is granted in part.

---

[1] Defendant Reiter & Schiller, P.A. is a party to the underlying action but does not join the instant motion. References to defendants in this order do not include Reiter & Schiller.

**BACKGROUND**

The underlying action is one of over thirty similar cases filed by plaintiffs' attorney in this district.[2] Each action rests

---

[2] Dunbar v. Wells Fargo Bank, N.A., No. 11-3683, 2012 WL 1110161 (D. Minn. Apr. 3, 2012) (dismissing action for failure to state a claim); Welk v. GMAC Mortg., LLC, No. 11-2676, 2012 WL 1035433 (D. Minn. Mar. 29, 2012); Blaylock v. Wells Fargo Bank, N.A., No. 12-693 (D. Minn. filed Mar. 19, 2012); Mustafa v. Bank of Am., N.A., No. 12-590 (D. Minn. filed Mar. 6, 2012); Novak v. JPMorgan Chase Bank, N.A., No. 12-589 (D. Minn. filed Mar. 6, 2012); Haubrich v. U.S. Bank Nat'l Ass'n, No. 12-565 (D. Minn. filed Mar. 2, 2012); Iverson v. Wells Fargo Bank, N.A., No. 11-2225, 2012 WL 611371 (D. Minn. Feb. 24, 2012) (dismissing action for failure to state claim); Johnson v. Deutsche Bank Nat'l Trust Co., No. 12-445 (D. Minn. filed Feb. 22, 2012); Anderson v. CitiMortgage, Inc., No. 12-230 (D. Minn. filed Jan. 27, 2012); Jerde v. JPMorgan Chase Bank, N.A., No. 11-2666, 2012 WL 206271 (D. Minn. Jan. 24, 2012) (dismissing action for failure to state claim); Murphy v. Aurora Loan Servs., LLC, No. 11-2750, 2012 WL 104543 (D. Minn. Jan. 12, 2012) (same) Adorno v. Citimortgage, No. 12-55 (D. Minn. filed Jan. 6, 2012); Mutua v. Deutsche Bank Nat'l Trust Co., No. 11-3761 (D. Minn. filed Dec. 30, 2011); Vang v. PNC Mortg. Inc., No. 11-3741 (D. Minn. filed Dec. 30, 2011); Olson v. Bank of Am., N.A., No. 11-3710 (D. Minn. filed Dec. 27, 2011); Karnatcheva v. JPMorgan Chase Bank, N.A., No. 11-3452 (D. Minn. filed Nov. 28, 2011); Xiong v. Bank of Am., N.A., No. 11-3377 (D. Minn. filed Nov. 17, 2011); Brinkman v. Bank of Am., N.A., No. 11-3240 (D. Minn. filed Nov. 2, 2011); Kraus v. Citimortgage, Inc., No. 11-3213 (filed October 31, 2011); Pope v. Wells Fargo Bank, N.A., No. 11-2496 (D. Minn. Aug. 31, 2011); Peterson v. Citimortgage, Inc. No. 11-2385 (D. Minn. filed Aug. 18, 2011); Kent v. Bank of Am., NA, No. 11-2315 (D. Minn. filed Aug. 8, 2011); Robinson v. Bank of Am., N.A., No. 11-2284 (filed Aug. 9, 2011); Joppru v. JPMorgan Chase Bank, N.A., 11-2276 (D. Minn. filed Aug. 9, 2011) (dismissed by plaintiffs); Cartier v. Wells Fargo Bank, N.A., No. 11-2168 (D. Minn. filed Aug. 1, 2011); Butler v. Bank of Am., N.A., No. 11-461, 2011 WL 2728321 (D. Minn. July 13, 2011) (dismissing action for failure to state claim); Larsen v. Bank of Am., N.A., No. 11-1775 (D. Minn. filed July 5, 2011) (dismissed by plaintiffs after magistrate judge recommended denying motion to remand); Rother v. Wells Fargo Bank, N.A., No. 11-1703 (D. Minn. filed June 27, 2011) (dismissed by plaintiffs); Lundeen v. CitiMortgage, Inc., No. 11-1604 (D. Minn. filed June 17, 2011)

(continued...)

on some version of the argument that a mortgagee or its assignee must also possess the note in order to foreclose a mortgage when a borrower defaults. The Minnesota Supreme Court rejects the argument. See Jackson v. Mortg. Elec. Reg. Sys., Inc., 770 N.W.2d 487 (Minn. 2009). The Eighth Circuit Court of Appeals rejects the argument. See Stein v. Chase Home Fin., LLC, 662 F.3d 976 (8th Cir. 2011). As the court noted in its order dismissing the underlying action, every judge in this district to consider one of Butler's actions has found it to be without merit. See Welk, 2012 WL 1035433, at *3-14 (Schiltz, J.); Iverson v. Wells Fargo Bank, N.A., No. 11-2225, 2012 WL 611196, at *5 (D. Minn. Feb. 6, 2012), adopted by 2012 WL 611371 (D. Minn. Feb. 24, 2012) (Davis, C.J.); Jerde, 2012 WL 206271, at *2–3 (Magnuson, J.); Murphy, 2012 WL 104543, at *3 (Montgomery, J.); Butler, 2011 WL 2728321, at *5–6 (Frank, J.); Tully, 2011 WL 1882665, at *5–6 (D. Minn. May 17, 2011) (Frank, J.).

Butler filed the complaint in instant action on December 7, 2011, one week after the Eighth Circuit issued its opinion in

---

[2](...continued)
(dismissed by plaintiffs); Emmick v. Bank of Am., N.A., No. 11-1307 (D. Minn. filed May 18, 2011) (dismissed by plaintiffs); Tully v. Bank of Am., N.A., No. 10-4734, 2011 WL 1882665 (D. Minn. May 17, 2011) (dismissing action for failure to state claim); Jaakola v. CitiMortgage, Inc., No. 11-1272 (D. Minn. filed May 16, 2011) (D. Minn. filed May 16, 2011) (dismissed by plaintiffs).

Stein[3] and nearly two and one-half years after the Minnesota Supreme Court decided Jackson. Defendants removed, and moved to dismiss and for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Plaintiffs moved to remand and amend. Before the court heard those motions, the Honorable Patrick J. Schiltz issued an order to show cause why Butler should not be sanctioned in a similar case.[4] On April 3, 2012, the court granted defendants' motions to dismiss and denied plaintiffs' motions to remand and amend. See Dunbar, 2012 WL 1110161, at *8. The issue of sanctions has been fully briefed and argued. The court now addresses defendants' motion for sanctions.

## DISCUSSION

**I.  Rule 11**

Rule 11 sanctions may follow when a pleading, written motion or other paper (1) is submitted to the court for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) is not supported by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law; or (3) if the allegations contained therein lack support. See Fed. R. Civ. P. 11(b)(1)-(3); Clark v.

---

[3] Butler argued Stein before the Eighth Circuit.

[4] On March 29, 2012, after a thorough analysis, Judge Schiltz found Butler in violation of Rule 11 and imposed a sanction of $50,000. See Welk, 2012 WL 1035433, at *19-24.

United Parcel Serv., Inc., 460 F.3d 1004, 1008 (8th Cir. 2006). To satisfy the requirements of Rule 11, an attorney is obligated to conduct a reasonable inquiry into the factual and legal basis for a claim. Coonts v. Potts, 316 F.3d 745, 753 (8th Cir. 2003). In determining whether sanctions are warranted, the court considers "whether a reasonable and competent attorney would believe in the merit of [the] argument." Id. (citation and internal quotation marks omitted).

In the present case, as the court noted at length in its April 3 order and as Judge Schiltz discussed in Welk, the complaint and filings are contrary to the law of the state of Minnesota. Butler presents no argument for reversing or modifying that law, and instead argues that it does not apply. This court is bound to apply Minnesota law as interpreted by the Minnesota Supreme Court. Butler's argument is frivolous under Jackson.

Despite the repeated dismissal of Butler's actions in this district and the Eighth Circuit, he continues to file actions, congesting the docket of the court, taking resources away from cases that have merit and charging clients to pursue meritless claims. These frivolous actions have, at best, the result of allowing Butler's clients to remain in their homes (or continue to own their rental properties) without payment. In fact, the real outcome for plaintiffs is to needlessly prolong the period of financial and housing uncertainty brought on by their failure to

meet their loan-payment obligations. Defendants were forced to respond to Butler's frivolous motions and arguments in this action, including filings made after he was ordered to show cause why he should not be sanctioned in Welk. Therefore, for the above reasons, and for the reasons stated in Welk, the court finds that Butler has violated Rule 11.

When the court determines that an attorney has violated Rule 11, the court may impose an appropriate sanction. Fed. R. Civ. P. 11(c)(1). The sanction imposed must "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Id. R. 11(c)(4). When, as here, the issue is before the court upon motion, the sanction may include nonmonetary directives, an order to pay a penalty to the court or an order directing payment of part or all of the reasonable attorney's fees of the movant. Id.

The actions of Butler are not amenable to nonmonetary directives: Butler is an experienced attorney, and his actions do not appear to be the result of negligence or a deficiency in education. Instead, they appear to be intentional, calculated acts designed to delay resolution of the loan defaults of his clients.

As to monetary sanctions, the court finds that payment of part, if not all, of defendants' reasonable attorney fees is warranted. In reaching its decision, the court considers the effect of the sanction imposed in Welk in achieving the goal of

6

deterrence. Given the temporal proximity between this sanction and the sanction imposed in Welk, the court determines that a penalty payable to the court, in addition to reasonable attorney's fees, is not necessary in this action. As a result, the sanction imposed in this action is less than the court would otherwise impose.

Therefore, the court orders defendants to file and serve affidavits attesting to the fees and costs incurred as a result of Butler's frivolous claims. Defendants shall do so within fourteen days of this order. Butler may file and serve a response of no more than 1,000 words responding to each affidavit filed. Butler may do so within twenty-one days of this order.

## II.  28 U.S.C. § 1927

Defendants also seek costs and fees under 28 U.S.C. § 1927. Section 1927 allows an award of costs and fees when an attorney "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. In other words, sanctions are authorized under § 1927 "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999) (citations and internal quotation marks omitted). The court strictly construes § 1927, so that it does not "dampen the legitimate zeal of an attorney in representing his client." Id. (citations omitted).

In the present case, Butler's actions go well beyond zealous advocacy. Butler only moved to amend the complaint to conform to <u>Stein</u> after Judge Schiltz held a hearing on sanctions, and his response to the motions to dismiss and remand represent vexatious multiplication of proceedings. The court has already determined that sanctions are warranted under Rule 11. Section 1927 also supports a penalty. However, in light of the sanction imposed under Rule 11, the court finds that additional penalties under § 1927 are not necessary.[5]

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for sanctions [ECF No. 27] is granted in part, consistent with this order;

2. Within fourteen days of this order, defendants shall file and serve affidavits attesting to the fees and costs incurred as a result of Butler's frivolous claims; and

---

[5] The court notes that if it did not sanction Butler under Rule 11, it would do so under its inherent power to discipline attorneys who appear before it.

3.   Within twenty-one days of this order, Butler may file and serve a response of no more than 1,000 words to each affidavit filed.

Dated:  April 23, 2012

                                                s/David S. Doty_____
                                                David S. Doty, Judge
                                                United States District Court